STAPLETON, Circuit Judge,
dissenting:
While I agree with initially all that is said by the Court, I nevertheless conclude that summary judgment for MVM was appropriate.
We explained the law that is controlling here in Wilson v. MVM, Inc., 475 F.3d 166, 179 (3d Cir.2007) (brackets in original), a case with indistinguishable facts:
*272 In order to prevail on a claim under the ADA, a claimant must prove that he is disabled within the meaning of the statute, proving that he has a physical impairment that limits a major life activity, has a record of such an impairment, or is “regarded as” having such an impairment. 42 U.S.C. § 12102(2); 29 U.S.C. § 705(20)(B). The. appellants cannot prove that their impairments are not mitigated by corrective measures, thus barring a claim that they have impairments that limit a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 487, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Therefore, they can only prevail if they show that MVM “regarded” them as being impaired. To meet this standard, MVM must have “mistakenly believed that [the appellants] have a physical impairment that substantially limits one or more major life activities” or “mistakenly believed that an actual non-limiting impairment substantially limits one or more major life activities.” Id. at 489, 119 S.Ct. 2139. It is insufficient for the appellants to show that MVM thought they were, in some way, impaired. Rather, the appellants must show that MVM thought they were disabled “within the meaning of the statute.” Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 381 (3d Cir.2002).
In Wilson, we concluded that the undisputed evidence showed that MVM believed only that the claimants did not meet the requirements established by the Judicial Conference for service as a CSO. There was no evidence that they were regarded as having an impairment which “substantially limits one or more major life activities.” Id. Summary judgment for MVM was accordingly appropriate. As the Supreme Court emphasized in Murphy v. United Parcel Service, Inc., 527 U.S. 516, 119 S.Ct. 2133, 144 L.Ed.2d 484 (1999), a claimant must show that her employer regards her as substantially limited in a major life activity and not just unable to meet the requirements of a particular job.
Like the claimants in Wilson, Fromm does not claim to be actually disabled. His sole claim is that he was “regarded as” disabled. More specifically, in response to the following interrogatory, he gave the following answer:

Interrogatory 8

Identify what activity or activities you believe MVM erroneously regarded your hearing loss as limiting.

Response

Plaintiffs ability to perform the CSO responsibilities and duties.
App. at 350, 359.
MVM does not here dispute that it regards Fromm as unable to meet the requirements established by the Judicial Conference for service as a CSO, and the Court correctly concludes, as dictated by Wilson, that as a “matter of law, MVM did not regard [Fromm] as impaired within the meaning of the ADA.” Wilson, 475 F.3d at 179.
After so concluding, the Court finds that this does not end the matter because Fromm, in his reply brief, suggests that the contractual relationship between MVM and the Marshals Service “has the effect of subjecting a[n] ... employee with a disability [i.e., Fromm] to the discrimination prohibited by” the ADA in violation of 42 U.S.C. § 12112(b)(2). Reply Br. at 3. The problem with this newly conceived argument is, of course, that Fromm has tendered no evidence that either of the appel-lees regarded him as disabled within the meaning of the ADA. The undisputed evidence shows that the Marshals Service, like MVM, believed only that Fromm could not meet the requirements established by the Judicial Conference for service as a CSO. As with MVM, there is no evidence that the Marshals Service regarded *273 Fromm as having any impairment which “substantially limits one or more major life activities.” Accordingly, § 12112(b)(2) does not alter the propriety of the summary judgment in favor of MVM.
Fromm appears to assume that the Medical Review Forms of the Marshals Service raise a genuine issue of material fact as to whether it believed he was substantially limited in a major life activity. Standing alone, however, Fromm’s failure to meet the Marshals Service hearing standards does not raise a genuine issue of material fact as to whether the Marshals Service regarded that impairment as substantially limiting him in one or more major life activities. The Court of Appeals for the Ninth Circuit so held in Walton v. U.S. Marshals Service, 492 F.3d 998 (9th Cir.2007), a case indistinguishable from Fromm’s and involving the same Judicial Conference requirements for CSO service.
In short, the Court today holds based on Wilson that, as a matter of law, MVM did not regard Fromm as impaired within the meaning of the ADA.[1] It nevertheless remands so that the District Court can consider whether the Marshals Service so regarded him. However, since the information available to the Marshals Service regarding Fromm’s hearing was precisely the same as the information available to MVM, it necessarily follows from the Court’s holding that the Marshals Service could not have regarded him as disabled within the meaning of the ADA. For that reason, I would affirm rather than remand for further proceedings.

. Fromm’s briefing does not purport to distinguish Wilson. Rather, he "respectfully submits that the Wilson panel erred in its inter-prelation of the ADA.” Reply Br. at 3. Our panel cannot overrule Wilson.